**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 12-cv-01669-CMA-DLW

FIRST SOUTHWEST BANK,

    Plaintiff,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver
for Colorado Capital Bank, a Colorado corporation,

    Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION
TO REMAND ACTION TO STATE COURT**

---

This matter is before the Court on Plaintiff First Southwest Bank's Motion to Remand Action to State Court or for Entry of Default Judgment (Doc. # 7). For the reasons stated below, the Court finds that Defendant's removal of this case was untimely. As such, Plaintiff's Motion to Remand is granted and the Court will REMAND this case to the District Court, County of La Plata, Colorado, for further proceedings.

## I. **BACKGROUND**

On March 31, 2011, Plaintiff filed a complaint against Colorado Capital Bank ("CCB") in the District Court, County of La Plata, Colorado (the "State Court"), alleging several related causes of action against CCB. (Doc. # 1-1.) On July 8, 2011, the Colorado State Banking Board declared CCB insolvent and appointed the FDIC as its

Receiver.[1]  (Doc. # 13-1 at 9.)  On January 23, 2012, Plaintiff filed a Stipulated Motion for Substitution of Parties,[2] and the State Court formally ordered that the FDIC be substituted for CCB as the defendant on March 19, 2012.  (Doc. # 7-2.)  The State Court's order, however, was not served on the FDIC at that time.[3]  The FDIC asserts that it received actual notice of the substitution order for the first time on April 9, 2012.  (Doc. # 13 at 2.)

On June 26, 2012, the FDIC filed a Notice of Removal, removing the case to this Court.  (Doc. # 1.)  Plaintiff filed the instant motion to remand on July 26, 2012, asserting that the FDIC failed to comply with the removal timing requirements in 12 U.S.C. § 1819(b)(2)(B) (the "FDIC Removal statute").  (Doc. # 7 at 3.)  The FDIC Removal statute states:

> Except as provided in subparagraph (D), the [FDIC] may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date the action, suit, or proceeding is filed against the [FDIC] **or the [FDIC] is substituted as a party**.

---

[1]  Pursuant to 12 U.S.C. § 1821(d)(2)(A), "the [FDIC] shall, as conservator or receiver, and by operation of law, succeed to -- (i) all rights, titles, powers, and privileges of the insured depository institution . . . ."

[2]  On December 7, 2011, the FDIC informed Plaintiff that it consented to the substitution of FDIC for CCB in this case.  (Doc. # 13-1 at 13.)

[3]  The FDIC contends that Plaintiff was required to serve the operative document on the FDIC, which Plaintiff never did.  Plaintiff replies that the FDIC had consented to its substitution for CCB pursuant to the Motion for Substitution of Parties, filed on January 23, 2012 (Doc. # 13-1 at 7-8, 13), rendering formal service unnecessary.

12 U.S.C. § 1819(b)(2)(B) (emphasis added).  The FDIC removed this action 99 days after it was formally substituted as a party.[4]

## II. **DISCUSSION**

The issue in this case is whether the 90-day period set forth in 12 U.S.C. § 1819(b)(2)(B) begins to run on the date that the FDIC was formally substituted in as a party, or the date that the FDIC received notice of that substitution.  As cited above, the FDIC Removal Statute provides that the FDIC may remove any action from state court to federal court before the end of the 90-day period "beginning on the date the action, suit, or proceeding is filed against the [FDIC], **or the [FDIC] is substituted as a party.**" 12 U.S.C. § 1819(b)(2)(B) (emphasis added).  Thus, by the plain language of the statute, the 90-day period began to run when the FDIC was substituted as a party, which occurred on March 19, 2012.  (Doc. # 7-2.)  Accordingly, the 90-day period for removal ended on June 18, 2012, eight days before the FDIC filed its Notice of Removal on June 26, 2012.  (Doc. # 7 at 3.)

In response, the FDIC claims that the 90-day removal period begins on the date the FDIC was served with notice of substitution, not the date the FDIC was substituted as a party.  (Doc. # 13 at 2.)  Because the FDIC contends that it has never been formally served with the substitution order, the FDIC contends that the 90-day removal

---

[4] The Court calculated the number of days using the following dates: March 19, 2012, the date the State court ordered the substitution of parties (Doc. # 7-2); April 9, 2012, the date the parties have stated that the FDIC received notice of the action via email (Doc. # 13 at 2); and June 26, 2012, the date the FDIC filed its Notice of Removal. (Doc. #. 1)

period has not yet begun to run.  In the alternative, the FDIC contends that it removed the case within 90 days of receiving actual notice on April 9, 2012.

The Court finds that the FDIC's position is incompatible with the plain and unambiguous language of the FDIC Removal Statute, which expressly provides that the 90-day period begins to run on when "the [FDIC] is substituted as a party." 12 U.S.C. § 1819(b)(2)(B).  "If the language of a statute is clear in its application, the general rule is that we are bound by it." *Robbins v. Chronister*, 402 F.3d 1047, 1050 (10th Cir. 2005) (citing *Hubbard v. United States*, 514 U.S. 695, 703 (1995)); *see also See Conn. Nat. Bank v. Germain*, 503 U.S. 249, 253-54 (1992) ("When the words of a statute are unambiguous . . . judicial inquiry is complete.").  Because the language of the FDIC Removal Statute is unambiguous, the Court finds that the 90-day period began to run on March 19, 2012 when the State Court ordered that the FDIC be substituted as the defendant.  (Doc. # 7-2.)  Because the FDIC did not file its Notice of Removal until June 26, 2012, the FDIC did not remove this case within 90 days of the substitution.

In response, the FDIC relies on *Costin Engineering Consultants, Inc., v. Latham*, 905 F. Supp. 861 (D. Colo. 1995).  In *Costin*, a case of first impression at the time, the court denied a motion to remand on the basis that the FDIC had 90 days to remove the action from the date the FDIC was served.[5]  *Id.* at 864 (noting that the FDIC was never

---

[5]  The *Costin* court provided an alternative basis for denying remand, that the FDIC had removed the case within 30 days of being served, which was timely under the general removal statute, 28 U.S.C. § 1446(b).  In their response to the motion to remand, the FDIC does not argue that the Notice of Removal was timely under § 1446(b). (Doc. # 13.)

served with the plaintiff's original complaint; rather, the FDIC was served only with the amended complaint).  Employing an equitable approach,[6] *Costin* reasoned that the absence of a notice requirement would effectively, "reduce, or perhaps eliminate, the period in which the FDIC can remove an action filed in state court by filing a complaint and not serving it until the time for removal has expired." *Id.* at 862.  Perhaps this is true.[7]  However, *Costin's* equitable approach pays little heed to the plain language of the statute.  As one court that has expressly rejected *Costin* observed, "[i]t is difficult to think of two legal concepts more clearly distinguishable in rules and statutes than the difference between "service" and "filing." *See CML-AZ Blue Ridge, LLC v. Blue Ridge Plaza East, LLP*, No. CV 11-1123, 2011 WL 3876040 at *2 n.2 (D. Ariz. Sept. 2, 2011) (unpublished). If Congress had wanted to make the 90-day period begin to run on the FDIC receiving service, Congress would have said so.  But it did not.  *See id.*, at *2 (disagreeing with *Costin* and noting that "[t]he interpretation of this statute urged by the FDIC is clearly a departure from the text of the statute").  Thus, applying the plain language of the FDIC Removal Statute, this Court finds that the 90-day period began to run when the FDIC was substituted in as a party on March 19, 2012.  As such, the FDIC's Notice of Removal was untimely.

---

[6]  The Court observes that the equities in this case also favor remand because the FDIC had consented to substitution on December 7, 2011, well before the State Court formally ordered substitution.  (Doc. # 13-1 at 3.)

[7]  The Court also notes that the 90-day removal period set forth in the FDIC Removal Statute is in addition to, not in place of, the 30-day removal period set forth in 28 U.S.C. § 1446(b).  *See CML-AZ Blue Ridge, LLC v. Blue Ridge Plaza East, LLP*, No. CV 11-1123, 2011 WL 3876040 at *4 (D. Ariz. Sept. 2, 2011) (unpublished) ("The FDIC removal statute does not supplant the FDIC's ability to timely remove pursuant to the general removal statute.").

## III. **CONCLUSION**

For the foregoing reasons, it is ORDERED that Plaintiff's Motion to Remand (Doc. # 7) is GRANTED.  Accordingly, it is ORDERED that this case be REMANDED to the Colorado District Court, County of La Plata, Colorado, for further proceedings.

It is further ORDERED that Plaintiff shall have its costs by the filing of a Bill of Costs with the Clerk of the Court within fourteen days of the date of this Order.  Each party shall bear its own attorneys' fees.

DATED:  October   16  , 2012

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge